# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| COURTNEY KRUS, AMY STANTON, LAUREN VEACH, and MARIA KRIDEL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAELS STORES, INC. <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Courtney Krus, Amy Stanton, Lauren Veach, and Maria Kridel (collectively, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Michaels Stores, Inc. ("Michaels" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE CASE

1. This is a class action on behalf of all persons that purchased goods from Defendant's internet website for remote delivery to the State of Missouri from January 1, 2019 through December 31, 2023.

2. Missouri state law mandates that retailers charge a "use tax" on sales of their products through remote means, including an internet website, telephone, catalog or other remote communications system (collectively, "remote sales channel(s)"), to Missouri purchasers that are shipped from an out-of-state facility. The state use tax rate for these sales is 4.225%. *See* Mo. Ann. Stat. §§ 144.600-761. There are also additional local use taxes that are imposed on sales

made through remote sales channels based on the delivery address of the Missouri purchasers.

3.  During the relevant period, Defendant illegally and erroneously overcharged tax monies at a higher tax rate than the correct applicable use tax rate on certain products purchased through remote sales channels, including from Michaels' internet website, that are shipped to Missouri customers from an out-of-state facility, resulting in the overcollection of monies from Missouri consumers.

4.  Plaintiffs bring this action on behalf of themselves and a proposed class of Missouri residents who purchased products for personal, family, or household use from Michaels through remote sales channels, including its internet website.

## **PARTIES**

5.  At all relevant times, Plaintiff Krus was and is a Missouri citizen residing in Saint Louis, Missouri.

6.  On December 1, 2022, Plaintiff Krus purchased one (1) 13" Christmas Tree Tabletop Countdown, one (1) Assorted 18" Deer w/ Scarf Tabletop Accent, one (1) Assorted 10" Nutcracker Soldier Tabletop Accent, one (1) 16" Santa's Key Tabletop Sign, and one (1) Assorted Santa & Elf Feet Doormat for personal, family or household use for delivery to 3608 Berger Ave., Saint Louis, MO 63109.  Plaintiff Krus's purchase was shipped from outside the State of Missouri.

7.  According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-state facility for delivery to 3608 Berger Ave., Saint Louis, MO 63109 on December 1, 2022, is 9.013%.

8.  When Plaintiff Krus purchased the products from Michaels' website on December

2

1, 2022, Defendant required Plaintiff Krus to pay a 9.674% tax rate, resulting in the overcollection of monies.

9. At all relevant times, Plaintiff Stanton was and is a Missouri citizen residing in Greenwood, Missouri.

10. On November 8, 2021, Plaintiff Stanton purchased: one (1) Pre-Lit Whistler Pine Artificial Christmas Tree for personal, family or household use for delivery to 1102 Park Drive, Greenwood, MO 64034.  Plaintiff Stanton's purchase was shipped from outside the State of Missouri.

11. According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-state facility for delivery to 1102 Park Drive, Greenwood, MO 64034 on November 8, 2021, is 4.225%.

12. When Plaintiff Stanton purchased the product from Michaels' website on November 8, 2021, Defendant required Plaintiff Stanton to pay an 8.10% tax rate, resulting in the overcollection of monies.

13. At all relevant times, Plaintiff Veach was and is a Missouri resident residing in Kansas City, Missouri.

14. On January 31, 2022, Plaintiff Veach purchased several items, including Bead Gallery Dark Green Australian Jasper Round Beads, for personal, family or household use for delivery to 2501 Troost Ave., Unit 429, Kansas City, MO 64108.  Plaintiff Veach's purchase was shipped from outside the State of Missouri.

15. According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-

3

state facility for delivery to 2501 Troost Ave., Unit 429, Kansas City, MO 64108 on January 31, 2022, is 7.475%.

16. When Plaintiff Veach purchased the products from Michaels' website on January 31, 2022, Defendant required Plaintiff Veach to pay an 8.852% tax rate, resulting in the overcollection of monies.

17. At all relevant times, Plaintiff Kridel was and is a Missouri resident residing in Saint Louis, Missouri.

18. On October 21, 2021, Plaintiff Kridel purchased one (1) 2.5 ft Mermaid Skeleton and one (1) Assorted 16" Hanging Mermaid Skeleton, for personal, family or household use for delivery to 510 Oak St., Saint Louis, MO 63119. Plaintiff Kridel's purchase was shipped from outside the State of Missouri.

19. According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-state facility for delivery to 510 Oak St., Saint Louis, MO 63119 on October 21, 2021, is 4.225%.

20. When Plaintiff Kridel purchased the products from Michaels' website on October 21, 2021, Defendant required Plaintiff Kridel to pay a 9.221% tax rate, resulting in the overcollection of monies.

21. Defendant Michaels Stores, Inc. is a Delaware corporation with its principal place of business in Irving, Texas. Defendant conducts, and at all relevant times, has conducted business in Missouri through remote sales channels, including making sales through its internet website.

## JURISDICTION AND VENUE

22. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

23. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## CLASS ALLEGATIONS

25. Plaintiffs seek to represent a class defined as all persons who purchased a product from Defendant for personal, family, or household use through a remote sales channel, including Defendant's internet website, that was delivered from an out-of-state facility to a Missouri delivery address (the "Class"). Excluded from the Class are governmental entities, Defendant, Defendant's affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators, and anyone who purchased the Products for resale. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

26. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

27. **Numerosity.** The members of the Class are geographically dispersed throughout the state of Missouri and are so numerous that individual joinder is impracticable. Upon

information and belief, Plaintiffs reasonably estimate that there are tens of thousands of members in the Class.  Although the precise number of Class members is unknown to Plaintiffs, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

28. **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendant charged and collected an incorrect tax rate on sales of its products through remote sales channels, including Defendant's internet website, to Missouri purchasers that were delivered from an out-of-state facility;

(b) whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility constituted an unlawful practice;

(c) whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility constituted an unfair practice;

(d) whether Defendant misrepresented that a higher tax rate was owed on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

(e) whether Defendant's customers were damaged due to Defendant's unlawful tax practices;

(f) whether Defendant should, under Missouri law, be required to return "tax" monies to Plaintiffs and the Class;

(g) whether Defendant is liable to Plaintiffs and the Class for unjust enrichment.

29. **Typicality.** Plaintiffs' claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiffs.

30. **Adequacy of Representation.** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiffs have no interests that are antagonistic to those of the Class.

31. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and

presents no unusual management difficulties under the circumstances.

32. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Violation of the Missouri Merchandising Practices Act

33. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

34. Defendant's actions alleged herein violated, and continue to violate, the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*.

35. Defendant is a "person" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(5).

36. The goods purchased from Defendant are "merchandise" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(4).

37. The goods purchased from Defendant are for personal, family or household use.

38. The transactions resulting in purchases of goods from Defendant in Missouri are a

8

"sale" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(6).

39. Defendant's actions alleged herein constituted and continue to constitute, illegal deceptive practice in violation of Mo. Rev. Stat. § 407.020.1 in that they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

40. Defendant's actions alleged herein violated, and continue to violate, the MMPA because they constituted, and continue to constitute, unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020. Specifically, they were and are, *inter alia*, unethical.

41. Plaintiffs and the Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

42. Plaintiffs and the Class seek actual damages for all monies paid in violation of Chapter 144, Missouri Revised Statutes.

43. Plaintiffs and the Class acted as reasonable consumers would in light of all circumstances.

44. Defendant's unlawful practices would cause a reasonable person to enter into the transaction that resulted in damages.

45. Individual damages stemming from Defendant's unlawful practices can be calculated with a reasonable degree of certainty.

46. Appropriate injunctive relief is necessary to prevent Defendant's MMPA violations from continuing. If Defendant's violations of the MMPA are not stopped by such injunctive relief, Plaintiffs and the members of the Class will continue to suffer injury by being charged a higher tax rate on sales of products through remote sales channels, including an

internet website, by Defendant that were delivered from an out-of-state facility.

47. The conduct of Defendant was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant.

48. Due to Defendant's violations of the MMPA, Plaintiffs seek damages, an order enjoining Defendant from the unlawful practices described above, reasonable attorneys' fees and any other relief the Court deems proper under the MMPA.

**COUNT II**
**Unjust Enrichment**

49. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

50. As alleged above, Defendant charged and collected a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

51. Defendant has been unjustly enriched in that they received and retained the benefit of funds to which they were not entitled and received in violation of Missouri law.

52. Said funds were conferred on Defendant by Plaintiffs and the Class members under a mistake of fact due to Defendant's misrepresentations, and unlawfully obtained to the detriment of Plaintiffs and the Class members.

53. Defendant's retention of these funds is unjust because Defendant misrepresented the amount of tax due for the provision of its goods and services, and collected more tax than allowed under Missouri law.

54. Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

55. Because Defendant's retention of the non-gratuitous benefits conferred on it by

Plaintiffs and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class for their unjust enrichment, as ordered by the Court.

## COUNT III
### Money Had and Received

56. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57. Defendant has received money from Plaintiffs and the Class by charging a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility rather than the use tax rate mandated by Missouri law, which in equity and good conscience ought to be returned to Plaintiffs and the Class.

58. Defendant owes Plaintiffs and members of the Class for money had and received, including, but not limited to, the monies that Plaintiffs and the Class were charged at a higher tax rate than the correct applicable use tax rate on the sales at issue.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For an order directing Defendant to cease the illegal actions detailed herein; and

(g)     For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

Dated: December 6, 2024                 Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Yitzchak Kopel*
         Yitzchak Kopel

Yitzchak Kopel (Bar No. 5117619NY)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com

**BURSOR & FISHER, P.A.**
Stephen A. Beck (Bar No. 1010183FL)
701 Brickell Ave, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 679-9006
Email: sbeck@bursor.com

*Counsel for Plaintiff*